IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


DEBORA GREEN,

             Petitioner,

   vs.                         **Case No. 07-3262-RDR**

RICHARD KOERNER and
ATTORNEY GENERAL OF KANSAS,

             Respondents.

---

## MEMORANDUM AND ORDER

### Background

On April 17, 1996 in the state district court for Johnson County, Kansas, petitioner pleaded no contest to and was convicted of:  two counts of capital murder in violation of K.S.A. 21-3439(a)(6); one count of aggravated arson in violation of K.S.A. 21-3719; one count of attempted first degree murder in violation of K.S.A. 21-3401(a); and another count of attempted capital murder in violation of K.S.A. 21-3429(a)(6).  Petitioner was sentenced to two concurrent life terms without the possibility of parole for 40 years on the two murder counts, with concurrent terms of imprisonment on the other counts.  Four of the counts arose from a fire at petitioner's home which killed two of petitioner's three children.  The remaining count arose from petitioner's attempted poisoning of her husband.  In exchange for the no contest pleas, the State agreed to not seek the death penalty and recommended that the court impose concurrent sentences.

On March 22, 2004, almost eight years later, petitioner filed in state district court a motion to set aside her no contest pleas to the counts arising from the fire.  The motion stated in part that:

> Since 1995 there have been tremendous advances in the area of understanding the behavior and science of fire. Since 1995 there have been numerous studies by the National Institute of Justice, National Fire Protection Association, ATF, state and local forensic laboratories and independent laboratories that have re-examined the theories once believed to be "compelling evidence of arson." These studies now show that much of what was believed to be accurate in 1995, as it related to evidence of arson, was simply inaccurate.

Motion to Set Aside Plea Pursuant to K.S.A. 22-3210(d), p. 6.

Petitioner argued that these advances in the science of fire and arson investigation had so diminished what at the time of the no contest pleas was considered substantial evidence of arson, that petitioner should be permitted to withdraw her pleas of no contest.

The state district court conducted an evidentiary hearing at which expert testimony was presented by both sides regarding fire science in general and as applied to the facts of this case.  The district court judge denied the motion to set aside the pleas of no contest.  He stated in part:

> While the evidence presented by defendant Green calls into question the reliability of some of the signs that investigators used to determine arson, the evidence does not rise to a level that proves their ultimate conclusion was wrong.  The fact remains that a fire started at Green's residence.  There is substantial and compelling evidence to believe she started it.  This evidence is not changed by a deeper understanding of the details or behavior of the fire once it was started.

> Defendant fails to show that the evidence as a whole
> would not support a finding of guilt if the case were to
> now go to trial or that the factual basis presented by
> the State now fails to support the plea entered in 1996.
> The factual basis on which defendant Green based her plea
> in 1996 was, and remains, sound.

Doc. 2-2 at p. 8.

Petitioner appealed this ruling to the Kansas Supreme Court. The Kansas Supreme Court's opinion contains an extensive summary of the proffer supplied as the factual basis for the no contest pleas. State v. Green, 153 P.3d 1216, 1218-20 (Kan. 2007). The court will not repeat the proffer or attempt to summarize it in this opinion. It should be noted, however, that the proffer referred to scientific evidence, circumstantial evidence, and evidence concerning petitioner's behavior before, during and after the fire. The Kansas Supreme Court opinion also summarizes the testimony of the experts during the motion to set aside the plea. 153 P.3d at 1221-24. Petitioner's expert was Dr. Gerald Hurst. The State's experts were Dr. John David DeHaan and David Campbell. Dr. Hurst concluded after a review of the evidence in light of advances in fire science since 1995 that the cause of the fire could not be determined. Dr. DeHaan and David Campbell maintained that the evidence showed that the fire was intentionally set.

The Kansas Supreme Court affirmed the district court's denial of the motion to set aside the no contest pleas. The court stated in part:

It is defendant's burden to prove that the factual basis
of a plea is so undercut by new evidence that the
prosecution could not have proved its case beyond a
reasonable doubt.  In such a situation, the court may
permit withdrawal of the plea and may set aside the
resulting conviction, because doing so corrects manifest
injustice under K.S.A. 22-3210(d) and comports with due
process. . . .

[W]e hold that defendant has not brought forward new
evidence.  At best, she has developed a competing
interpretation of old evidence.  Hurst's testimony about
advances in fire science and their potential effect on
the reasoning and conclusion of the task force [which
originally investigated the fire] did not disprove an
element of any of the crimes on which defendant entered
her plea.  DeHaan's and Campbell's testimony demonstrated
that arson was still very much alive as an explanation
for the fire.  It was not ruled out; it was merely
challenged.

     In  addition,  we  are  compelled  to  note  that
defendant's focus on advances in fire science ignores the
inescapable.  The task force conclusion was far from the
only evidence supporting the aggravated arson and other
charges.  The State's proffer included an abundance of
other evidence pointing to the defendant's guilt. . . .

     Given all of the above, we hold that defendant did
not meet her burden to demonstrate that the factual basis
for her plea is so undercut by new evidence that the
prosecution could not have proved its case beyond a
reasonable doubt.  There was no manifest injustice to
correct,  and  the  district  judge  did  not  abuse  his
discretion in so ruling.

153 P.3d at 1226-27.

This case is now before the court upon a petition for writ of

habeas  corpus  which  petitioner  filed  on  October  16,  2007,

challenging  the  decision  of  the  state  courts  upon  petitioner's

motion  to  set  aside  her  pleas  of  no  contest.  Petitioner  argues

that she has presented new fire science evidence which demonstrates

that her pleas of no contest were based upon false and misleading evidence and, therefore, were in violation of due process of law. She disputes any finding that the evidence was not new and further claims that the state courts applied the wrong legal standard by requiring petitioner to disprove arson in order to obtain relief. Petitioner also claims that a heightened standard of due process should apply to this matter because petitioner was facing the death penalty at the time she entered her pleas of no contest, even though the plea agreement was that the State would withdraw the death penalty request after petitioner entered her pleas. Because, in petitioner's view, the factual basis for the pleas of no contest does not "substantially negate innocence" at the present time, she should be allowed to withdraw her pleas.  Doc. No. 2 at p. 40.

Legal standard

Petitioner is entitled to habeas relief only if the state courts' adjudication of petitioner's claims either:  1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 404-05 (2000).  "[T]he determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Habeas relief is not available to correct errors of state law; this court is bound by a state court's interpretation of its own law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

The law limits the authority of the court to hold an evidentiary hearing upon petitioner's application for relief:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that – – (A) the claim relies on – – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant

6

guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

<u>Analysis</u>

Petitioner has failed to demonstrate that the underlying state court decisions were contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The federal law is "well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984). Petitioner contends that her pleas of no contest were not voluntary and intelligent because she was unaware of the advances in fire science and investigation which would develop after her pleas or of the alleged impact of those advances upon the conclusions drawn from the evidence of the fire. The federal law regarding the knowledge required for a voluntary and intelligent plea does not encompass the kind of information described by petitioner. This was made clear in <u>U.S. v. Ruiz</u>, 536 U.S. 622 (2002), where the Court held that the Constitution did not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a defendant. The Court stated:

> [T]his Court has found that the Constitution, in respect
> to a defendant's awareness of relevant circumstances,
> does not require complete knowledge of the relevant
> circumstances, but permits a court to accept a guilty
> plea, with its accompanying waiver of various
> constitutional rights, despite various forms of
> misapprehension under which a defendant might labor. See
> Brady v. United States, 397 U.S. at 757 (defendant
> "misapprehended the quality of the State's case"); ibid.
> (defendant misapprehended "the likely penalties"); ibid.
> (defendant failed to "anticipate" a change in the law
> regarding relevant "punishment"); McMann v. Richardson,
> 397 U.S. 759, 770 (1970) (counsel "misjudged the
> admissibility" of a "confession"); United States v.
> Broce, 488 U.S. 563, 573 (1989) (counsel failed to point
> out a potential defense); Tollett v. Henderson, 411 U.S.
> 258, 267 (1973) (counsel failed to find a potential
> constitutional infirmity in grand jury proceedings).

536 U.S. at 630-31.  Language from the above-cited Brady decision

appears particularly applicable to the case at bar:

> Often the decision to plead guilty is heavily
> influenced by the defendant's appraisal of the
> prosecution's case against him and by the apparent
> likelihood of securing leniency should a guilty plea be
> offered and accepted.  Considerations like these
> frequently present imponderable questions for which there
> are no certain answers; judgments may be made that in the
> light of later events seem improvident, although they
> were perfectly sensible at the time.  The rule that a
> plea must be intelligently made to be valid does not
> require that a plea be vulnerable to later attack if the
> defendant did not correctly assess every relevant factor
> entering into his decision. A defendant is not entitled
> to withdraw his plea merely because he discovers long
> after the plea has been accepted that his calculus
> misapprehended the quality of the State's case or the
> likely penalties attached to alternative courses of
> action.  More particularly, absent misrepresentation or
> other impermissible conduct by state agents, cf. Von
> Moltke v. Gillies, 332 U.S. 708 (1948), a voluntary plea
> of guilty intelligently made in the light of the then
> applicable law does not become vulnerable because later
> judicial decisions indicate that the plea rested on a
> faulty premise.

8

Brady v. United States, 397 U.S. 742, 756-57 (1970) (emphasis added).

Petitioner asserts that advancements in fire science have diminished the persuasive power or authority of the factual basis for her no contest pleas.  Petitioner claims that at the current time the factual basis provided in 1996 does not sufficiently negate her innocence or, conversely, substantiate her guilt.  This does not raise an issue of federal law because the Constitution does not require state courts to ascertain a factual basis prior to accepting a guilty plea.  Meyers v. Gillis, 93 F.3d 1147, 1151 (3rd Cir. 1996); Willbright v. Smith, 745 F.2d 779, 780 (2nd Cir. 1984); Freeman v. Page, 443 F.2d 493, 497 (10th Cir.) cert. denied, 404 U.S. 1001 (1971); Perkis v. Sirmons, 2006 WL 3012880 (10th Cir. 2006) cert. denied, 127 S.Ct. 2135 (2007); Berget v. Gibson, 1999 WL 586986 (10th Cir. 1999) cert. denied, 529 U.S. 1042 (2000); Cottingham v. Davies, 1989 WL 10102 (D.Kan. 1989).

Petitioner suggests that the due process clause requires more of a factual basis for a no contest plea than a guilty plea.  This is incorrect.  "Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary." Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983); see also, Perkis, 2006 WL 3012880 (10th Cir. 2006); O'Neill v. Bruce, 2006 WL

3087127 (D.Kan. 2006); Ruble v. Workman, 2006 WL 3693371 (N.D.

Okla. 2006); Dunn v. Bell, 2006 WL 3206125 (E.D.Mich. 2006).

In this case, petitioner did not make a claim of innocence at

the time of her no contest pleas.  At the hearing where petitioner

entered her no contest pleas, the prosecutor read an extensive

proffer of the State's evidence into the record.  Petitioner's

attorney stated and petitioner acknowledged that petitioner had

heard and read the proffer and that "we would certainly challenge

some of that evidence.  But we understand that would be the State's

evidence."  Transcript at p. 32.  Petitioner further stated:

> After counseling with my attorneys I plead no contest to
> all charges.  I understand the Court will find me guilty
> of all counts.  I am aware that the State can produce
> substantial evidence that I set the fire that caused the
> death of my children.  My attorneys are ready, willing
> and able to present evidence that I was not in control of
> myself when Tim and Kelly died.
>      However true that may be, defending myself at trial
> on these charges would only compound the suffering of my
> family and my daughter, Kate.  I love my family very
> much.  I never meant to harm my children but I accept the
> fact that I will be punished harshly.  I believe that it
> is best to end this now so that we can begin to heal from
> our horrible loss.

Transcript at pp. 34-5.  Petitioner did not assert that she was

innocent when she entered her pleas of no contest.

Finally, the court agrees with the Kansas Supreme Court that

a heightened reliability standard does not need to be applied to

this case because petitioner did not receive a death sentence.

Green, 153 P.3d at 1225.  Although petitioner's sentence was

severe, it does not implicate the same Eighth Amendment concerns as

a death sentence and, therefore, the heightened standards of reliability need not be applied.  See <u>U.S. v. Mergerson</u>, 4 F.3d 337, 344-45 (5th Cir. 1993) <u>cert. denied</u>, 510 U.S. 1198 (1994) (rejecting a higher standard of proof for a sentencing finding in a noncapital case even though the sentence was life in prison).

<u>Conclusion</u>

For the above-stated reasons, the standards for obtaining habeas corpus relief have not been satisfied.  The petition for such relief is therefore dismissed.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2008 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge

11