IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DEBORA J. GREEN,

        Petitioner,

vs.                        **Case No. 07-3262-RDR**

RICHARD KOERNER, Warden,
Topeka Correctional
Facility,

        Respondent,
and

ATTORNEY GENERAL OF KANSAS,

    Additional Respondent.

**MEMORANDUM AND ORDER**

This case is now before the court upon petitioner's application for a certificate of appealability. Doc. No. 17. This court issued an order filed on May 15, 2008 denying petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 15. Petitioner has filed a notice of appeal.

To obtain a certificate of appealability, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To do so, Petitioner must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Shipley v. Oklahoma, 313 F.3d 1249, 1250-51 (10th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S.

473, 484 (2000)).

In her petition, petitioner challenges her convictions and sentences relating to a fire in petitioner's home which killed two of petitioner's children.  Petitioner pleaded no contest to two counts of capital murder and other charges.  In return, the prosecution agreed to drop the death penalty.  Petitioner received two concurrent 40-year prison terms without the possibility of parole, and other concurrent sentences.  Eight years after making the no contest pleas, petitioner filed an action in state court to withdraw those pleas on the grounds that they were based on faulty fire evidence.  The state courts denied the motion to withdraw the pleas.  In the brief in support of the § 2254 petition before this court, petitioner asserted that she was in custody "pursuant to a guilty plea resulting from inaccurate information regarding the factual circumstances of the death of her children, rendering the plea unintelligent and unknowing."  Doc. No. 2, p. 1.  More specifically, petitioner claimed that her no contest pleas were based on false, misleading and incorrect fire evidence and, therefore, her no contest pleas were not knowing or intelligent in violation of the Due Process Clause of the Constitution.  Doc. No. 2, p. 10.  Petitioner argued that she should be permitted to withdraw her no contest pleas because subsequent progress in the field of fire science had demonstrated that there was an insufficient factual basis to support a finding that the fire in

her case was caused by arson.  Petitioner further asserted that the state courts erred by requiring petitioner to affirmatively disprove arson in order to establish prejudice.  Doc. No. 2, p. 12. Petitioner also asserted that the state court erred in failing to apply a heightened standard of due process to the factual basis in support of the no contest pleas because petitioner was charged with capital crimes.  Doc. No. 2, p. 39.

As already noted, this court denied petitioner's arguments for relief with an order dated May 15, 2008.  Doc. No. 15.  This court held:  that a voluntary, intelligent plea of guilty is not subject to collateral attack; that the lack of foreknowledge of alleged advances in fire science did not render the pleas in this case involuntary, unintelligent or contrary to due process; that the Constitution does not require a factual basis for a state court guilty plea; that a factual basis might be required for a no contest plea, but only if defendant proclaimed her innocence at the time of the pleas; that petitioner did not proclaim her innocence at the time of her pleas; and, that a heightened standard of reliability did not need to be applied to this case because the death penalty was not imposed.

In petitioner's application for a certificate of appealability petitioner raises numerous issues.  The most serious of these issues is whether petitioner has raised a substantial due process issue by claiming that the factual basis for concluding that she

set fire to her home and thereby killed her children had been eroded by post-plea advances in fire science such that it failed to substantially negate the claims of innocence she made at the time of her pleas.  Petitioner relies almost exclusively upon <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) for legal support.

In <u>Alford</u>, the petitioner was charged with shooting and killing another person.  He faced the death penalty.  There was no eyewitness to the crime, but there was evidence that the petitioner said before the murder that he was going to kill the victim as he left with a gun.  There was also evidence that after the murder the petitioner said that he had killed the victim.  Petitioner decided to plead guilty, but as he did so he denied committing the murder and said that he was pleading guilty to avoid the gas chamber.  The Supreme Court held that there was no due process violation because the factual basis for the guilty plea "substantially negated" defendant's claim of innocence while entering the plea and provided a means by which the judge could test whether the plea was being "intelligently entered."  400 U.S. at 37-38.  In explaining the decision, the Court minimized any distinction between a guilty plea and a plea of <u>nolo contendere</u> as well as any difference between a plea in which a person refuses to admit guilt and a plea containing a protest of innocence, when the defendant acts intelligently and the record contains strong evidence of actual guilt.  400 U.S. at 37.  <u>Alford</u> does not address the situation where the evidence of

4

actual guilt is allegedly compromised by post-plea scientific advancements. Although as this court noted in our opinion, in Brady v. United States, 397 U.S. 742, 757 (1970), the Court stated in another situation where a defendant alleged that he pleaded guilty to avoid the death penalty, that "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case."

To obtain habeas relief, petitioner must demonstrate that her confinement is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas review is not available to reexamine state court determinations on state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Specifically, petitioner must demonstrate that the decision of the state court to deny her motion to withdraw her no contest pleas was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

In this case, petitioner has not produced case law which supports a claim to a clearly established federal right to withdraw her guilty pleas, even assuming that much of the evidence of arson presented in support of a factual basis for her pleas is now

considered false or inaccurate. The <u>Alford</u> case does not decide this issue in petitioner's favor, nor is it even persuasive authority for petitioner's argument.

The law is clear that the Constitution does not require states to ascertain a factual basis prior to accepting a guilty plea. See <u>Meyer v. Gillis</u>, 93 F.3d 1147, 1151 (3rd Cir. 1996) and other cases cited in our opinion at Doc. No. 15 p. 9. The federal rule requiring a factual basis, FED.R.CRIM.P. 11, does not apply to state courts. Even if it did, it should be noted that Rule 11 does not require a factual basis for a plea of <u>nolo contendere</u>, as acknowledged in <u>Alford</u>. 400 U.S. at 36 n.8. Some courts have suggested, however, that a factual basis is constitutionally required when a defendant proclaims his innocence while pleading guilty or no contest. See <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1983) and cases cited in our opinion at Doc. No. 15 pp. 9-10.

We noted in our opinion that petitioner did <u>not</u> make a claim of innocence at the time of her no contest pleas. Doc. No. 15 at p. 10. In the instant application for a certificate of appealability, petitioner asserts that this was incorrect. During the hearing when the state court accepted petitioner's no contest pleas, petitioner stated:

> After counseling with my attorneys I plead no contest to all charges. I understand the Court will find me guilty of all counts. I am aware that the State can produce substantial evidence that I set the fire that caused the

6

>     death of my children.  My attorneys are ready, willing
>     and able to present evidence that I was not in control of
>     myself when Tim and Kelly died.
>         However true that may be, defending myself at trial
>     on these charges would only compound the suffering of my
>     family and my daughter, Kate.  I love my family very
>     much.  I never meant to harm my children but I accept the
>     fact that I will be punished harshly.  I believe that it
>     is best to end this now so that we can begin to heal from
>     our horrible loss.

Transcript at pp. 34-5.

Examining these remarks a second time, they could be construed as claiming that petitioner lacked the intent necessary to be found guilty of the charges against her.  Petitioner did not deny setting the fire, however.  Moreover, there was evidence proffered during the plea proceedings which substantially negated a claim that petitioner did not intend to cause the death of her children.  Some of this evidence related to petitioner's actions and demeanor while the fire was burning and her children were missing.

Petitioner's argument in this matter is that she should be allowed to withdraw her pleas of no contest because post-plea advances in fire science have diminished the factual basis for the claim that this was an arson fire.  Petitioner did not deny that this was an arson fire during her pleas of no contest.  Therefore, post-plea advances in fire science are immaterial to any alleged claim of innocence petitioner may have made when she entered her no contest pleas.  They have no bearing upon any assertion that petitioner did not intend to hurt her children.  Even if there was clearly established law as determined by the Supreme Court in

support of the position that post-plea scientific advances can be considered in determining whether a plea was intelligently entered - and no cases to this effect are cited by petitioner - such a principle is not important to this case because petitioner's "claim of innocence" is substantially negated on the record of the pleas regardless of the alleged scientific advances.  Nor do the changes in fire science demonstrate that petitioner's no contest pleas were involuntary or unintelligent at the time they were made.

Petitioner further argues that this court erroneously found that heightened scrutiny should not be applied to the factual basis of petitioner's no contest pleas because she was charged with a capital crime.  Because the death penalty was not applied in this case, heightened scrutiny need not be applied to the proceedings in this matter.

> [T]he penalty of death is qualitatively different from a sentence of imprisonment, however long.  Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two.  Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.

Woodson v. North Carolina, 428 U.S. 280, 305 (1976).  The principle announced in Woodson that death is different does not apply to this case because the death penalty was not imposed.

For the above-stated reasons and the reasons given in the court's prior order, the application for certificate of appealability is denied.

8

**IT IS SO ORDERED.**

Dated this 30th day of June, 2008 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge